## GARN ET AL. *v.* HOUSER.

[No. 10,587.    Filed November 23, 1920.    Rehearing denied March 9, 1921.    Transfer denied April 20, 1921.]

1. EVIDENCE.—*Contract for Sale of Land.—Parol Agreement to Secure Abstract.—Validity.*—Where brokers had a written contract giving them the exclusive right to sell certain land, their agreement to furnish the abstract required by the contract with a prospective purchaser might rest in parol, as it was an independent obligation. p. 367.

2. CONTRACTS.—*Contract for Sale of Land.—Independent Agreement to Furnish Abstract. — Consideration. — Sufficiency. —* Where real estate brokers had a contract to sell land which provided that they were to receive as a commission the amount they procured from the purchaser in excess of a specified amount, to be paid to them out of the first money received, their agreement to procure an abstract required by the contract with a prospective purchaser was not without consideration, even though their contract with the owner obligated him to perform that service. p. 367.

3. APPEAL.—*Review.*—*Harmless Error.*—*Overruling Demurrer to Paragraph of Answer.*—It is not available error to overrule a demurrer to a paragraph of answer where the matters herein could have been proved under the general denial. p. 367.

From Laporte Circuit Court; *James F. .Gallaher,* Judge.

Action by Samuel A. Garn and others against John Houser. From a judgment for defendant, the plaintiffs appeal. *Affirmed.*

*Martindale & Martindale, Darrow & Rowley* and *Frank Gilmer,* for appellants.

*Sutherland & Smith* and *Orie Parker,* for appellee.

REMY, C. J.—Appellants, who are real estate brokers, doing business as Garn Brothers Company, entered into a contract with appellee by the terms of which they were given the exclusive right to sell certain real estate for appellee. The contract, among other things, provided that if appellants should sell the real estate, appellee would furnish an abstract showing a good merchantable title, and execute a warranty deed of conveyance to the purchaser; appellee to receive, net to him, an amount equal to $125 per acre, appellants to receive as their commission all the money they procured from the purchaser over and above that amount, which sum to be received as commission was to be paid out of the first purchase money paid; and that in the event the purchaser secured by appellants should refuse to take the real estate after contracting so to do, and if forfeit money should be recovered for breach of contract, appellants were to have one-half of the forfeit money so recovered.

Appellants made a contract for the sale of the real estate to one Sheets for a consideration which was $786.26 in excess of $125 per acre. Sheets at the time paying to appellants the sum of $500 which sum was to be held pending an examination of the title; it being

further agreed that appellee was to furnish to purchaser on or before October 1, 1916, a complete abstract showing a good merchantable title to said land, and was to execute and deliver deed of conveyance to the purchaser on or before December 1, 1916. No abstract showing a good merchantable title was furnished by October 1, 1916, in accordance with the agreement; whereupon the said purchaser refused to carry out the deal, and upon his demand the $500 which he had paid was returned to him.

This action was commenced by appellants against appellee to recover a commission which appellee had refused to pay. Appellants' complaint, which was based upon the said contract of appellants with appellee, among other things, provided that appellants "had performed all and every condition on their part to be performed in said contract," and that appellee "had refused to comply with his part of said contract." The sufficiency of the complaint was not tested by demurrer. To the complaint, appellee, in addition to an answer in denial, filed two special answers denominated the second and third paragraphs. In his second paragraph, appellee admitted the execution of the contract with appellants; also the execution of the contract with said Sheets for the sale of the land in question; but alleged that at or about the time of the execution of the said contract of sale appellants agreed with appellee that they "would look after and secure" for appellee the abstract called for in said contract with Sheets; but that through the negligence of appellants the said abstract was not furnished or procured by October 1, 1916, which resulted in a defeat of the sale. Appellee's third paragraph of answer was an argumentative denial.

Separate demurrers to the special answers were overruled, and appellants' reply in denial closed the issues. Trial by jury resulted in a verdict for appellee.

It is urged by appellants, that since the agreement which forms the basis of the second paragraph of answer was not in writing; the answer is insufficient because it would require the variation by parol of the written contract upon which the complaint is formed. The rule advanced is not applicable. The agreement on the part of appellants to perform for appellee the service required in connection with the preparation of the necessary abstract was an independent obligation which might properly rest in parol. Nor was the agreement without consideration as suggested by appellants. The original contract of agency provided that appellants were to receive for their services as brokers, all the money that was procured for the land over and above $125 per acre, which sum was to be paid to them out of the first purchase money received. Appellants were, therefore, vitally interested in seeing that the sale did not fall through. This was a sufficient consideration for their agreement to look after the preparation of the abstract.

All matters alleged in the third paragraph of answer could have been proved under the general denial which had been filed by appellee. There was, therefore, no available error in the action of the court in overruling the demurrer to said paragraph.

Error is predicated upon the action of the court in giving certain instructions, and in refusing to give others requested by appellants. The instructions given by the court when taken as a whole fairly state the law of the case. An examination of the instructions requested by appellants discloses that in so far as they correctly state the law applicable to the case they were covered by instructions given.

The verdict is sustained by the evidence. Judgment affirmed.